Board of National Missions of the Presbyterian Church in the United States of America, demandante y apelante, *v.* Santiago R. Robles y el Tesorero de Puerto Rico, Hon. R. Sancho Bonet, demandados y apelados.

Núm. 8041.—*Sometido:* Enero 15, 1941. *Resuelto:* Marzo 13, 1941.

*José Sabater* y *José Oliver Sabater,* abogados de la apelante; *Hon. Procurador General George A. Malcolm* y *C. H. Juliá, Procurador General Auxiliar,* abogados del tesorero apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

The Board of National Missions of the Presbyterian Church in the United States of America inició un pleito en la Corte de Distrito de Aguadilla contra Santiago R. Robles y el Tesorero de Puerto Rico en solicitud de una sentencia que declarara que cierta casa de su propiedad ubicada en Aguadilla estaba y está exenta de imposición y pago de contribuciones por dedicarse a servicios religiosos y en su consecuencia que el embargo y venta de dicha casa para el cobro de contribuciones efectuados, no tienen valor ni efecto, disponiendo que el demandado Robles reciba el importe consignado de contribuciones, recargos e intereses y entregue el certificado de venta expedídole por el otro demandado, Tesorero de Puerto Rico, y disponiendo además que el Tesorero le devuelva la dicha suma consignada ascendente a $130.06, con intereses, de acuerdo con la Ley núm. 8 de 1927, pág. 123, sobre pago de contribuciones bajo protesta.

El demandado Robles no contestó, anotándose su rebeldía. El otro demandado Tesorero de Puerto Rico, en septiembre 4, 1936, excepcionó la demanda alegando que no aducía hechos suficientes para determinar una causa de acción.

Así las cosas, en mayo de 1938 la demandante presentó una moción titulada ''sobre suspensión de este caso'' alegando que se había aprobado una ley disponiendo la cancelación de ciertos recibos de contribuciones indebidamente impuestas sobre casas parroquiales de instituciones religiosas

y pidiendo que el caso quedara suspendido y se le devolviera la cantidad que había depositado en secretaría—$130.06— ordenándose al tesorero que resolviera administrativamente lo que fuere procedente con respecto al demandado Robles.

La corte por orden de mayo 19, 1938, decretó la suspensión del pleito y la devolución del depósito.

El tesorero demandado se opuso a la moción alegando en substancia que la ley invocada por la demandante no era aplicable. La oposición se radicó un día después de resuelta la moción, pero la resolución se dejó sin efecto a instancias de la propia demandante.

Poco después la corte de distrito dictó una resolución que lee, en parte, como sigue:

"La demanda del presente caso alega que en 20 de marzo de 1936 el Colector de Rentas Internas de Aguadilla autorizado por el demandado, Tesorero de Puerto Rico, vendió en pública subasta y adjudicó al codemandado Santiago R. Robles una casa situada en la Calle José de Diego de esta ciudad propiedad de la demandante; que dicha venta se llevó a cabo para imponer y cobrar contribuciones, recargos y costas que alega el tesorero demandado adeudaba la demandante montantes a $123.48 y que en virtud de resolución de fecha 8 de febrero de 1934 de la Junta de Revisión e Igualamiento, dicha propiedad está exenta del pago de contribuciones por estar dedicada a servicios religiosos, a pesar de lo cual el demandado, Tesorero de Puerto Rico, ordenó que la casa de referencia se embargara y vendiera como en efecto se vendió y adjudicó al codemandado Santiago R. Robles.

"El demandado, Tesorero de Puerto Rico, excepcionó la demanda por el fundamento de que no aduce hechos suficientes para determinar una causa de acción. En su alegato, luego de invocar la Ley número 8 de 19 de abril de 1927, arguye que en el caso de autos no aparece que la demandante haya pagado bajo protesta cantidad alguna al Tesorero de Puerto Rico; que si su derecho a (no) pagar era claro la demandante pudo impedir el cobro acogiéndose al recurso de *injunction;* que no es razón para no haber pagado bajo protesta que la contribución fuera ilegal; que la presente acción es en verdad una contra El Pueblo de Puerto Rico sobre nulidad de actuaciones y no habiendo El Pueblo de Puerto Rico consentido que se le demande, la demanda no procede. Y por último afirma que no resultando de

la faz de la demanda el requisito del pago de contribuciones bajo protesta en la forma establecida por la ley invocada, la demanda no aduce hechos suficientes determinantes de una causa de acción.

"Por el contrario, la demandante afirma en su alegato que por haber sido exenta del pago de contribuciones por la Junta de Revisión e Igualamiento la propiedad de referencia, el demandado, Tesorero de Puerto Rico, realizó un acto *ultra vires* que está fuera de sus atribuciones y facultades que tiene como tal y que no se trata de un contribuyente que cree que no debe pagar una contribución o parte de ella.

. . . . . . . . .

"En lo que al Tesorero de Puerto Rico se refiere, la demanda tiene por único objeto obtener la devolución de la cantidad consignada bajo protesta a disposición del codemandado Santiago R. Robles con la condición de rendir el certificado de compra que le haya sido expedido por el Tesorero de Puerto Rico.

"La sección primera de la ley invocada por la demandante dispone que cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, estará no obstante obligado a pagarla en su totalidad, a requerimiento del colector de rentas internas de su distrito, o del funcionario encargado de la recaudación, y si desea establecer alguna reclamación, al efectuar el pago, pedirá a dicho colector, o funcionario recaudador, que consigne su protesta al dorso del recibo indicando específicamente si ésta se refiere al todo o parte de la contribución que ha sido pagada bajo protesta, y precisando el montante de lo impugnado. Dicha nota será firmada por el contribuyente y por el colector o funcionario encargado de la recaudación.

. . . . . . . . .

"El remedio concedido por la citada ley es exclusivo y es regla bien establecida que los contribuyentes en el ejercicio de los derechos que le conceden las leyes de la naturaleza de la invocada, debe ceñirse estrictamente a sus disposiciones.

"El pago bajo protesta, en la forma que indica la ley, es lo que dará derecho a la devolución de la contribución así pagada.

"Se declara con lugar la excepción previa interpuesta por el codemandado Tesorero de Puerto Rico, por no aducir la demanda hechos determinantes de una causa de acción."

A los fines de apelar, solicitó la demandante que la resolución se registrara como sentencia. Así se hizo, y establecido el recurso, la transcripción fué elevada a este tribunal.

Se señala un solo error consistente en haber la corte sentenciadora decidido, a juicio de la apelante, la excepción del tesorero demandado en contra de los hechos y la ley.

Partiendo de la certeza de los hechos alegados en la demanda, nos encontramos frente a un caso de una venta de una casa en un procedimiento de apremio para el cobro de las contribuciones impuestas sobre la misma.

La venta se consumó en marzo 20, 1936. El dueño de la casa vendida—la demandante—no pagó las contribuciones bajo protesta ni trató de detener el cobro de las mismas por medio de injunction. Notificado de la venta no ejercitó el derecho de redención. Inició este pleito en la forma que conocemos.

■ Para reducir el asunto a sus propios límites, precisa descartar la ley núm. 8 de 1927 (pág. 123) que la demandante invoca para ejercitar su acción. Esa ley dispone el procedimiento para el pago de contribuciones bajo protesta y aquí la demandante no realizó pago alguno de contribuciones protestando o sin protesta. No tiene, pues, derecho a reclamar devolución de contribución alguna.

¿Lo tiene para pedir la nulidad de la venta? Veámoslo.

■ La casa vendida pertenecía a una corporación religiosa y se dedicaba a servicios religiosos. En febrero 8, 1934, el Departamento de Hacienda, Negociado de la Junta de Revisión e Igualamiento, notificó a su dueño, resolviendo una alzada del mismo, que estaba exenta de contribuciones.

La ley que regía cuando la venta se realizó era el artículo 291 del Código Político como enmendado por la Ley núm. 12 de agosto 23, 1933, pág. 73, primera sesión especial de 1933. Prescribe:

"Artículo 291.—Estarán exentas de tasación para la imposición de contribuciones las propiedades siguientes:

.     .     .     .     .     .     .     .     .     .

"(e) Todo edificio utilizado y destinado exclusivamente para el culto religioso, así como casas parroquiales dedicadas exclusivamente a habitación de y en donde constantemente vivan párrocos, minis-

tros o sacerdotes en general que oficien en las parroquias e iglesias correspondientes, siempre y cuando dichas casas parroquiales sean propiedad de la orden o institución respectiva, estén situadas en la misma municipalidad a la cual pertenece la iglesia, incluyendo asientos y muebles dentro de los mismos;...."

Estando exenta por ley y por resolución de la Junta de Revisión e Igualamiento del pago de contribuciones la casa de que se trata ¿pudo venderse válidamente para su cobro?

A nuestro juicio no pudo. La venta realizada es nula y nada llegó a adquirir por ella el demandado Robles, existiendo por tanto causa de acción aunque expuesta confusa y deficientemente quizá, en la parte demandante—el dueño, para pedir que la nulidad se declare con los efectos consiguientes.

¿Contra quién? Contra Robles sin duda alguna y contra el vendedor también—el Tesorero—que actuó en la misma sin autoridad. Las obligaciones que pueda haber contraído el Tesorero para con Robles y los derechos que pueda tener Robles contra el Tesorero no están comprendidos en el litigio.

Resumiendo diremos que ninguna causa de acción surge de la demanda de la demandante para con el Tesorero en cuanto a devolución de contribuciones, pero sí surge de ellos una causa de acción por parte de la demandante contra los demandados para que se declare nula la venta -de su propiedad hecha a favor del primero de los demandados en el procedimiento de apremio seguido por el segundo de ellos contra la demandante, *debiendo en su consecuencia revocarse la sentencia apelada y devolverse el pleito para ulteriores procedimientos con permiso a la demandante para enmendar su demanda limitándola y a su vez completándola de acuerdo con la ley y lo indicado en esta opinión.*

El Juez Asociado Sr. Todd, Jr., no intervino.